EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Lilliam Matías Marti Peticionaria v. Municipio de Lares Recurrido | Certiorari 2000 TSPR 43 |
|---|---|

Número del Caso: CC-1998-0640

Fecha: 16/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional III

Juez Ponente: Hon. Efraín E. Rivera Pérez

Abogados de la Parte Peticionaria: Lcdo. Héctor A. Cortés Babilonia

Abogados de la Parte Recurrida: Lcdo. Guillermo Mojíca Maldonado

Materia: Despido Injustificado

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lilliam Matías Marti

    Demandante-peticionaria

                              CC-1998-640      Certiorari

    v.

Municipio de Lares

    Demandado-recurrido


PER CURIAM


San Juan, Puerto Rico, a 16 de marzo de 2000

I

El 3 de mayo de 1993, la Sra. Lilliam Matías Marti comenzó a trabajar como Ayudante Administrativa del Alcalde del Municipio de Lares, puesto de confianza que ocupó hasta su despido el 31 de diciembre de 1995.

El 4 de septiembre de 1996, la Sra. Matías Marti presentó querella ante el Tribunal de Primera Instancia por haber sido cesanteada en violación a la Ley de Compensaciones por Accidentes del Trabajo, -Núm. 45 de 18 de abril de 1945, 11 L.P.R.A. sec. 1, et seq., según enmendada-, que obliga a los patronos a reservar por un año el empleo de los obreros lesionados en el desempeño de sus labores.

Adujo que su despido fue injustificado e ilegal por haberse efectuado luego de un accidente de trabajo que le obligó a tratarse en el Fondo del Seguro del Estado por aproximadamente seis meses.

Tras varios trámites, el Municipio solicitó sentencia sumaria a base de que no existían hechos en controversia, a saber, que al momento del despido la Sra. Matías Marti ocupaba un puesto de confianza y se encontraba bajo tratamiento en el Fondo. Sólo restaba resolver si en derecho la Ley de Compensaciones por Accidentes del Trabajo impedía, por ser de confianza, su despido. Previa oposición, el Tribunal (Hon. Nélida Jiménez Velázquez) desestimó la acción al concluir que conceder el derecho de reserva incondicional a un empleado de confianza, implicaba modificar y trastocar la naturaleza misma del servicio de confianza, toda vez que este tipo de empleado no tiene una expectativa de retención por tratarse de empleados de libre selección y remoción.

La Sra. Matías Marti recurrió en apelación al Tribunal de Circuito de Apelaciones, (Hons. Rivera de Martínez, Soler Aquino y Rivera Pérez) que confirmó.

A solicitud de la Sra. Matías Marti, revisamos.[1]

---

[1] Como único señalamiento:

"Erró el Honorable Tribunal de Instancia y el Honorable Tribunal de Circuito de Apelaciones al resolver que un empleado de confianza puede ser removido libremente de su puesto sin que lo proteja el Artículo 5A (11 L.P.R.A. 7) sobre reserva de empleo y desestimando la Querella, cuando por el contrario debió dictar Sentencia Sumaria Parcial contra el querellado por haber cesanteado a un empleado de confianza por razones

II

El Art. 12.004 de la Ley de Municipios Autónomos –Núm. 81 de 30 de agosto de 1991–, clasifica a los empleados municipales como: de confianza, probatorios de carrera, regulares de carrera, transitorios e irregulares. De éstos, sólo los de carrera tienen un reconocido interés en la retención de su puesto. Depto. de Recursos Naturales v. Correa, 118 D.P.R. 689 (1987). En su inciso (b) dicho precepto define a los empleados de carrera como los que ingresaron al sistema después de pasar por el proceso de reclutamiento. Este procedimiento ofrece la oportunidad de competir a toda persona cualificada que interese ingresar al empleo público. Depto. de Recursos Naturales v. Correa, supra. También dispone que tienen derecho a permanencia y sólo pueden ser removidos de sus puestos por justa causa, previa formulación de cargos y vista. Marrero Caratini v. Rodríguez, res. en 18 de abril de 1995, 138 D.P.R. ___ (1995).

El interés propietario que confiere la ley municipal a estos empleados se basa en la expectativa de permanencia que albergan los que son así reclutados al servicio público ajeno al proceso discrecional de formulación de política

---

ilegales y contrarias a la fuerte política pública de protección de los empleados acogidos a los beneficios del Fondo del Seguro del Estado. Según esta decisión, un empleado de confianza que sufra un accidente de trabajo o sea referido al Fondo, podrá ser despedido inmediatamente, sin ningún derecho o protección de Ley de Compensación por Accidentes del Trabajo."

pública. De forma colateral, se les protege de los vaivenes de la política partidista, dando estabilidad y continuidad a las estructuras de servicio público que, de otra forma, serían vulnerables al capricho y discrimen político.

Por otro lado, existe una necesidad bona fide de que las personas que intervengan o colaboren sustancialmente en el proceso de formulación de política pública o, dentro del marco de la Ley de Municipios Autónomos, asesoren o presten servicios directamente al Alcalde o al Presidente de la Asamblea Municipal, sean de la total confianza de la autoridad nominadora. Art. 12.003(a). Estos, denominados empleados de confianza, carecen de expectativa de continuidad en su empleo; son de libre selección y remoción. Art. 12.004.

Respecto a éstos, hemos reconocido la facultad de la autoridad nominadora para despedir, sin previa notificación, formulación de cargos y celebración de vista. Los empleados de confianza no gozan de un interés propietario sobre su trabajo y en ausencia de legislación al efecto, el mero hecho de ocupar una plaza por un espacio de tiempo extenso no crea, por sí solo, un interés propietario. Fermín Orta v. Padilla Ayala 131 D.P.R. 227 (1992); Morales Narváez v. Gobernador, 112 D.P.R. 761 (1982).

**No obstante, un empleado sin interés propietario en su puesto, ya sea en la empresa pública o privada, no puede ser despedido por razones inconstitucionales**. Así, en Ramos Villanueva v. Srio. de Comercio, 112 D.P.R. 514 (1982),

resolvimos que un empleado de confianza goza de protección constitucional contra discrimen por razón de sus ideas políticas. Véase además, Colón v. C.R.U.V., 115 D.P.R. 503 (1984); Clemente v. Depto. de la Vivienda, 114 D.P.R. 763, 769 (1983); y Rodríguez v. Padilla, 125 D.P.R. 486 (1990).[2]

Con este trasfondo en mente, examinemos sucintamente la política pública comprendida en la Ley de Compensación por Accidentes del Trabajo, en específico, su Art. 5(a) sobre reserva de empleo.

III

De entrada, recordamos que dicho estatuto consagró una importante política pública en protección de empleados privados y públicos contra riesgos a su salud e integridad personal. Cuevas Santiago v. Ethicon, res. en 30 de junio de 1999, 99 TSPR 107. En la consecución de esos propósitos, para fines remediales, se estableció un sistema de seguro compulsorio y exclusivo que **promueve el bienestar de todos**

---

[2] En otras dimensiones hemos sentenciado que una empleada en período probatorio no puede ser despedida por razón de embarazo, a pesar de que éstas pueden ser despedidas sin razón y en cualquier momento por no cobijarles expectativa alguna de continuidad ni existir interés propietario en el puesto ocupado. Rivera Águila v. K-Mart de Puerto Rico, 123 D.P.R. 599 (1989).

Nuestra trayectoria jurisprudencial demuestra que aunque la clasificación estatutaria de un empleo no brinde expectativa o interés propietario, ello no puede derrotar políticas públicas que configuran derechos fundamentales y de alta jerarquía en nuestro ordenamiento jurídico. Arroyo v. Rattan Specialties, Inc., 117 D.P.R. 35 (1986); Rivera Águila v. K-Mart de Puerto Rico, supra; Srio. del Trabajo v. I.T.T., 108 D.P.R. 536 (1979); y Segarra, et al. v. Royal Bank de Puerto Rico, et al., res. en 1 de abril de 1998, 98 TSPR 36.

**los trabajadores y su compensación**. <u>López Pons</u> v. <u>Corporación del Fondo del Seguro del Estado</u>, res. en 16 de octubre de 1998, 98 TSPR 135.

Entre sus salvaguardas principales se destaca el Art. 5(a) que impone al patrono la obligación de reservar el empleo y reinstalar al mismo a un empleado que haya sufrido un accidente del trabajo sujeto a las siguientes condiciones: 1) que antes de transcurrir 12 meses desde la fecha del accidente, el lesionado requiera al patrono que lo reponga en su empleo dentro del término de 15 días desde la fecha que fue dado de alta; 2) que el empleado esté mental y físicamente capacitado para ocupar dicho empleo al momento de solicitar la reinstalación; 3) que el empleo subsista en el momento en que el obrero o empleado solicite la reposición.  De darse estas tres condiciones, el patrono tiene la obligación de reservar el empleo hasta doce meses desde la ocurrencia del accidente o enfermedad incapacitante y el empleado derecho a ser reinstalado. <u>García Díaz</u> v. <u>Darex Puerto Rico, Inc.</u>, res. en 20 de mayo de 1999, 99 TSPR 79; <u>López Pons</u> v. <u>Corporación del Fondo del Seguro del Estado</u>, <u>supra</u>.

Esta disposición es aplicable al obrero que sufra lesiones o se incapacite como consecuencia de un accidente ocurrido durante la ejecución de cualquier acto o función inherente a su trabajo o empleo y que ocurra en el curso de éste –<u>López Pons</u> v. <u>Corporación del Fondo del Seguro del Estado</u>, <u>supra</u>– y se extiende al E.L.A. y municipios en su

papel de patronos. Se exceptúa expresamente aquellos empleados cuyas labores sean de carácter incidental o casual, no comprendidos dentro del negocio o industria, profesión u ocupación de su patrono; y a aquellas personas que trabajan en sus domicilios. 11 L.P.R.A. sec. 2.

IV

La amplia cobertura de la Ley de Compensaciones con carácter remedial –que debe interpretarse liberalmente a favor del obrero– nos provee la clave decisoria del recurso. Ortiz Pérez v. F.S.E, res. en 31 de octubre de 1994, 137 D.P.R. ___ (1994); Bruno Colón v. Comisión Industrial, 109 D.P.R. 785 (1980); Alonso García v. C.I., 102 D.P.R. 733 (1974).

No cabe duda de que un empleado de gobierno o municipio, en plaza de confianza está cobijado por la Ley de Compensaciones, pues ésta no excluye a ninguno de su aplicación; al contrario, expresamente extiende sus beneficios. Por tal razón, la Sra. Matías Marti –como empleada municipal–, estaba cobijada por las disposiciones de la ley, y como corolario, por aplicación automática de la misma, era beneficiaria del derecho a reinstalación del Art. 5(a).

No obstante, tanto Instancia como Circuito concluyeron que otorgar esa reserva implicaba obligar a un patrono a reinstalar un empleado de confianza, trastocando la naturaleza misma del puesto y convirtiéndolo en uno de

carrera. Incidieron ambos foros, pues la aplicación del Art. 5(a) no tiene ese resultado. Veamos.

Al igual que otros estatutos que proveen para la reinstalación de un empleado, el Art. 5(a) busca proteger contra despidos que frustren políticas públicas guiadas por importantes principios de vanguardia enraizados en nuestra sociedad. Así, a título de ejemplo, la obligación patronal de reinstalar a cualquier empleado despedido por ofrecer información a un foro administrativo –Ley Núm. 115 de 20 de diciembre de 1991– o, por alguna razón discriminatoria de las protegidas en nuestra Constitución –Ley Núm. 100 de 30 de junio de 1959–, no lo convierte en uno de carrera. En su escala de valores, estos casos se fundan en el predominio y esclarecimiento de la verdad y la igualdad ante la ley, que se sobreponen a los derechos y obligaciones comunes de la relación obrero-patronal.

Idéntica prominencia tienen los empleados que se incapacitan durante el desempeño de sus labores. Se trata de una situación en que la conveniencia que subyace toda clasificación de confianza, queda subordinada al valor de la protección brindada a cualquier empleado incapacitado temporeramente. Choca a nuestra conciencia descartar a un obrero por incapacitarse en su trabajo, del mismo modo que nos repugna todo despido por raza o ideología política. Además, no podemos permitir que un obrero se abstenga de acogerse a los beneficios que provee el Fondo por miedo a perder su empleo.

No obstante, puntualizamos que lo resuelto en nada menoscaba la facultad que tiene la autoridad nominadora para despedir un empleado de confianza siempre que no medie alguna razón **ilegítima**.

Por los fundamentos expuestos, se revocará el dictamen del Tribunal de Circuito de Apelaciones que confirmó al Tribunal de Primera Instancia. En su lugar se dictará sentencia sumaria ordenando la reinstalación de la Sra. Lilliam Matías Marti con cualquier otro derecho que proceda al amparo de la Ley de Compensaciones.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lilliam Matías Marti

    Demandante-peticionaria

                              CC-1998-640       Certiorari
      v.

Municipio de Lares

    Demandado-recurrido

SENTENCIA

San Juan, Puerto Rico, a 16 de marzo de 2000

      Por los fundamentos antes expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones que confirmó al Tribunal de Primera Instancia. En su lugar se dicta sentencia sumaria ordenando la reinstalación de la Sra. Lilliam Matías Marti con cualquier otro derecho que proceda al amparo de la Ley de Compensaciones.

      Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió Opinión Disidente a la cual se une el Juez Asociado señor Corrada del Río.

                        Isabel Llompart Zeno
                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lilliam Matías Martí

    Demandante-peticionaria

    vs.                      CC-98-640       CERTIORARI

Municipio de Lares

    Demandado-recurrido

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ A LA CUAL SE UNE EL JUEZ ASOCIADO SEÑOR CORRADA DEL RIO

San Juan, Puerto Rico, a 16 de marzo de 2000

    Estamos contestes, al igual que la mayoría de los integrantes del Tribunal, en que, aun cuando la clasificación estatutaria de un empleo no le brinde al empleado una "expectativa o interés propietario" en el mismo, ello no significa que esa clasificación impida la aplicabilidad de las políticas públicas que configuran derechos fundamentales y de alta jerarquía en nuestro ordenamiento jurídico.

    Ello, naturalmente, fue la razón de decidir en Ramos Villanueva v. Secretario de Comercio, 112 D.P.R. 514 (1982), donde resolvimos que un empleado de confianza no puede ser despedido de su

empleo por razón de sus ideas políticas, y en <u>Rivera Aguila</u> v. <u>K-Mart de Puerto Rico</u>, 123 D.P.R. 599 (1989), en cuyo caso determinamos que una empleada en período probatorio --a la que, igualmente, no le cobija expectativa o interés propietario en su empleo-- no puede ser despedida del mismo por razón de estar embarazada. En síntesis, un empleado <u>no</u> puede ser despedido por <u>razones ilegales</u> no importando si este empleado es uno de carrera, de confianza, en período probatorio, etc.

No debe perderse de vista, sin embargo, que en todas las instancias en que este Tribunal así se ha expresado, y resuelto, han sido ocasiones en que el empleado ha sido despedido de su empleo mientras se encontraba laborando como tal; esto es, mientras estaba realizando trabajo. El presente caso constituye, que sepamos, la primera ocasión en que este Tribunal se enfrenta a una situación en que el patrono, en lugar de despedir propiamente al empleado, se niega <u>a</u> <u>reponer</u> a éste en su empleo.

<u>¿Merece un trato distinto esta situación de hechos</u>? La mayoría de los integrantes del Tribunal, como hemos visto, considera que no; ello, como se expresa en la Opinión mayoritaria, debido a que la Ley de Compensaciones por Accidentes del Trabajo cobija a los empleados de confianza, "pues ésta no excluye a ninguno de su aplicación", y por razón del "carácter remedial" de dicha Ley, la cual "debe interpretarse liberalmente a favor del obrero. <u>Diferimos</u>; veamos por qué.

En <u>primer</u> lugar, el hecho de que la Ley de Compensaciones por Accidentes del Trabajo no excluya a ningún empleado de su aplicación, el cual hecho es correcto, y que, por tanto, a un empleado de confianza le cobijan sus disposiciones, necesariamente <u>no</u> significa que a dichos empleados le sean aplicables <u>todas</u> las disposiciones de la mencionada Ley. En otras palabras, un empleado de confianza, que sufra un accidente del trabajo, puede muy bien tener derecho a recibir todos los beneficios de tratamiento o incapacidad que provee dicha Ley de Compensaciones <u>sin</u> necesariamente tener el <u>derecho</u> a ser repuesto, o reinstalado, en su empleo luego de recuperarse. Esa decisión, de

reinstalarlo o no, debe ser una a ser tomada exclusivamente por el patrono concernido a base de las realidades y necesidades de su negocio al momento de la recuperación del empleado.

En segundo término, la decisión mayoritaria hoy emitida es una, completa y totalmente, impráctica que resulta, en cierto sentido, hasta absurda. La mejor evidencia de lo anteriormente expresado lo constituye la aseveración de la Mayoría, al final de la ponencia, a los efectos de que:

> "No obstante, puntualizamos que lo resuelto en nada menoscaba la facultad que tiene la autoridad nominadora para despedir un empleado de confianza siempre que no medie alguna razón ilegítima."

Lo anteriormente transcrito significa la aceptación, sub silentio, de la Mayoría a los efectos de que, una vez reinstalado el empleado en controversia, el patrono lo podrá despedir por cualquier razón que no sea "ilegítima"; entre otras, por razón de ya no necesitarlo debido al hecho de que contrató otro empleado para realizar su trabajo.

Ello nos lleva al tercer fundamento de nuestro disenso, cual es la gran diferencia entre los casos de Ramos Villanueva, ante, y Rivera Aguila, ante, y el presente caso. En las dos decisiones antes citadas se trataba, repetimos, de empleados ––uno de confianza y otro probatorio–– que estaban efectivamente trabajando al momento del despido por una razón ilegítima. Esto es, el patrono tenía necesidad de esos empleados y los despidió, no obstante esa necesidad, por una razón ilegítima, procediendo a reclutar nuevos empleados, los cuales vinieron a la empresa a realizar las mismas labores de los empleados ilegalmente despedidos. Dicho de otra forma, en esta clase de situaciones el patrono incurre en un acto ilegal, o inconstitucional, que amerita ser "penalizado".

En el presente caso, el patrono no despidió a la empleada en controversia. Esta se vio obligada a cesar en sus funciones como tal por razón del accidente del trabajo que sufrió en el empleo. El patrono, sin haber incurrido en actuación ilegal alguna, de ordinario

se ve en la necesidad de reclutar otro empleado para que realice la labor del empleado accidentado o resuelve prescindir de ese puesto y continuar operando su empresa sin ese empleado. ¿Por qué razón tiene el patrono que reservar este empleo por el término de un año? La contestación a dicha interrogante no puede ser "porque lo dice la Ley de Compensaciones por Accidentes del Trabajo". Ese artículo de ley -- esto es, el Artículo 5(a)-- no tiene que ser necesariamente aplicado a esta situación. No hay nada en nuestro ordenamiento jurídico que obligue a este Tribunal a literalmente aplicar, a un caso en particular, todas las disposiciones de una ley.

"Es regla dorada de hermenéutica judicial, que las disposiciones de una ley deben ser examinadas e interpretadas de modo que no conduzcan a resultados absurdos, sino armoniosos." PARDAVCO, Inc. v. Srio. de Hacienda, 104 D.P.R. 65 (1975). En palabras de un reconocido comentarista: "El Derecho no puede llevar a un resultado absurdo ni a un resultado injusto y debemos convencernos de que cuando nos lleva a este resultado absurdo es porque hemos seguido un camino equivocado, porque hemos errado en nuestros razonamientos."[3]

En resumen, en los casos de Ramos Villanueva v. Secretario de Comercio, ante, y Rivera Aguila v. K-Mart de Puerto Rico, ante, los patronos incurrieron en actos ilegales que hicieron meritorio, y hasta mandatorio, que se les "penalizara" por ello y que los tribunales de justicia le brindaran protección a dichos empleados, no obstante el hecho de que éstos no tenían "expectativa o interés propietario" en sus empleos. En el caso hoy ante nuestra consideración no está presente esa situación extraordinaria.

Ya es hora de que este Tribunal deje de gravar, innecesariamente, a los patronos en Puerto Rico. Realmente no es cuestión de que hay que interpretar la Ley de Compensaciones por Accidentes del Trabajo de una manera liberal; es una cuestión de interpretarla de manera en que se

---

[3] J. Vallet de Goytisolo, Panorama de Derecho Civil, Ed. Bosch, 1963, pág. 85.

haga justicia a ambas partes, esto es, tanto al empleado como al patrono.


                         FRANCISCO REBOLLO LOPEZ
                              Juez Asociado