Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARILU CENTENO MORALES<br><br>Apelante<br><br>v.<br><br>SENADO DE PUERTO RICO<br><br>Apelado | KLAN202201006 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Despido Injustificado (Ley 80), y otros<br><br>Caso Núm. SJ2022CV04848 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero.

Rodríguez Casillas, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece la Sra. Marilú Centeno Morales (Sra. Centeno Morales o apelante), a través de un *Recurso de Apelación* para que revoquemos una determinación del Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), emitida el 9 de noviembre de 2022 y notificada el 10 de noviembre de 2022. Allí, declaró no ha lugar una *Moción de Reconsideración* presentada por la apelante.[1]

Considerando el recurso a la luz del derecho aplicable, decidimos confirmar la resolución recurrida. Veamos.

**-I-**

El presente caso tuvo su génesis el **3 de junio de 2022**, cuando la parte apelante presentó una *Demanda* contra el Senado de Puerto Rico representado por su presidente, (Senado de P.R. o parte apelada), por alegado despido injustificado al amparo de la Ley Núm. 80 de 1976 conocida como la *Ley Sobre Despidos*

---

[1] Apéndice I, *recurso de apelación*, pág. 1.

*Injustificados,*[2] y violación a la Ley Núm. 45 de 1935, *Ley del Sistema de Compensaciones por Accidentes del Trabajo* (Ley Núm. 45 de 1935).[3]

En resumen, la Sra. Centeno Morales trabajó para el Senado de P.R., desde el **1 de mayo de 2013** como Auditora en la Oficina de Auditoría Interna con una jornada regular. Durante ocho (8) años la apelante realizó diferentes funciones entre las cuales se encontraban formular borradores de informes, preparar planes de trabajo, revisar registros, entre otras.[4]

Según se desprende del expediente, la Sra. Centeno Morales recibió el **15 de julio de 2021**, una carta de terminación de empleo con efectividad el **31 de julio de 2021**, fecha en la que terminaba su contrato.

Cabe destacar que el **13 de mayo de 2021**, la Sra. Centeno Morales habría sufrido un accidente en el lugar de empleo, mientras trabaja a favor de los intereses de su patrono y fue debidamente atendida por la Corporación del Fondo del Seguro del Estado (CFSE).[5] Así, el **17 de mayo de 2021** la apelante fue examinada por la CFSE y le ordenaron descansar **hasta el 26 de mayo de 2021**, por tensión lumbar.[6]

No obstante, durante el mes de junio del 2021, la Sra. Centeno Morales presentó dos (2) certificados médicos tras un diagnóstico de micoplasma.[7] El **primer** certificado fue presentado el **7 de junio de 2021**, y le ordenaba un descanso de quince (15) días hasta el 25 de junio de 2021. Luego, presentó un **segundo** certificado el 28 de junio

---

[2] Ley Núm. 80 de 30 de mayo de 1976, *Ley Sobre Despidos Injustificados.* 29 LPRA sec. 185a.

[3] Ley Núm. 45 de 18 de abril de 1935, *Ley del Sistema de Compensaciones por Accidentes del Trabajo.* 3 LPRA sec. 1451.

[4] Apéndice VI, *recurso de apelación*, pág. 20.

[5] *Id.* Núm. de caso: 20211128491. pág. 20.

[6] *Id.*

[7] Según se desprende de la Demanda, los certificados médicos fueron emitidos por Transforma Medical Mall y firmados por un profesional de la salud con licencia número 14690. Véase, pág. 21 de la *Demanda.*

de 2021, que le ordenaba descansar por un periodo de diecinueve (19) días adicionales, **hasta el 15 de julio de 2021**.[8]

Al llegar la fecha del **15 de julio de 2021** —día en que la apelante regresó a sus labores— recibió una carta de terminación de empleo debidamente firmada.[9] La misma expresó:

> Le informo que la fecha de terminación de su nombramiento como Auditora en el Senado de Puerto Rico, será efectivo el 31 de julio del año en curso… [e]l [p]residente o su representante autorizado, podrá remover libremente a los empleados de sus puestos, sin que medie formulación de cargos. No será necesario indicar los fundamentos para tal acción.[10]

Ante la demanda presentada el 3 de junio de 2022 de la parte apelante, el **29 de agosto de 2022**, el Senado de P.R., presentó una *Moción en Solicitud de Desestimación*. Adujo que la *Demanda* presentada por la apelante deja de exponer una reclamación que justifique la concesión de un remedio. Además, alegó que es norma reiterada que la Ley Núm. 80 de 1976 solo es de aplicabilidad al sector privado, y que, por tanto, sus disposiciones no se extienden a empleados del Gobierno.[11]

Ante ello, el **17 de septiembre de 2022**, la Sra. Centeno Morales replicó con una *Moción en Oposición a Desestimación*. En resumen, reconoció que la Ley Núm. 80 de 1976 no aplicaba al Senado de Puerto Rico ser una entidad pública del Estado. Sin embargo, adujo que de los hechos alegados en la demanda se desprende una causa de acción válida al amparo de la Ley Núm. 45 de 1935.[12]

Trabada ahí la controversia, el **28 de septiembre de 2022**, el TPI emitió la Sentencia apelada exponiendo que:

> [L]a demandante acepta que no tiene una causa de acción por despido injustificado, toda vez que la parte demandada es un ente gubernamental y que es la única causa de acción que invocó… disponemos declarar ha lugar a la Moción de

---

[8] *Id.* pág. 21.
[9] La comunicación fue firmada por el Sr. Gilbert Hernández Agosto. Véase, pág. 43 del apéndice.
[10] Apéndice IX, *recurso de apelación*, pág. 43.
[11] Apéndice V, *recurso de apelación*, págs. 14 – 18.
[12] Apéndice VII, *recurso de apelación*, págs. 24 – 37.

Desestimación que presentara la parte demandada y ordenar la desestimación de la demanda sin perjuicio.[13]

El **4 de octubre de 2022**, la Sentencia fue debidamente registrada y notificada a las partes.[14]

Por consiguiente, el **18 de octubre de 2022**, la Sra. Centeno Morales presentó una *Reconsideración.* En resumen, solicitó que el TPI reconsiderara su determinación. La Sra. Centeno Morales fundamentó que su causa de acción por despido injustificado se podía desestimar, más no así la causa de acción por violación a la reserva de empleo que provee la Ley Núm. 45 de 1935.[15]

Por su parte, el **3 de noviembre de 2022**, el Senado de P.R., presentó una *Moción en Oposición a Solicitud de Reconsideración.* En resumen, solicitó que se mantuviera la Sentencia apelada, pues la Sra. Centeno Morales no había logrado establecer cuál era el derecho que poseía al amparo de la Ley Núm. 45 *supra.* Además, añadió que no existe un nexo causal entre el despido y su causa de acción.[16]

Finalmente, el **10 de noviembre de 2022**, la Sra. Centeno Morales replicó a la oposición mediante *Breve Réplica a Oposición.* En síntesis, reiteró que existe una causa de acción al amparo de la Ley Núm. 45 de 1935 conocida como la *Ley del Sistema de Compensaciones por Accidentes del Trabajo,* y que ella fue despedida durante la vigencia de un contrato recién renovado.[17]

Cónsono con lo anterior, el mismo **10 de noviembre de 2022**, el TPI notificó a las partes su determinación del 9 de noviembre de 2022, mediante la cual declaró no ha lugar a la *Moción de Reconsideración* incoada por la Sra. Centeno Morales.[18]

---

[13] Apéndice IV, *recurso de apelación*, pág. 12.
[14] *Id.* pág. 13.
[15] Apéndice III, *recurso de apelación*, págs. 3 – 11.
[16] Apéndice VIII, *recurso de apelación*, págs. 28 – 39.
[17] Apéndice IX, *recurso de apelación*, págs. 40 – 41.
[18] Apéndice I y II, *recurso de apelación,* págs. 1 – 2.

Inconforme, la Sra. Centeno Morales presentó un recurso de apelación ante este Tribunal de Apelaciones, señalando el siguiente error:

> *Erró el TPI al desestimar la causa de acción por Ley 45 en contravención al derecho aplicable en cuanto a desestimaciones a tenor con la Regla 10.2.[19]*

Oportunamente el Senado de P.R., compareció, así, con el beneficio de los alegatos de ambas partes, resolvemos.

### -II-

### -A-

La Regla 10.2 de Procedimiento Civil, establece que las defensas de hecho o de derecho contra una reclamación se deben exponer en la alegación responsiva.[20] Sin embargo, dichas reglas establecen unas excepciones: **(1)** falta de jurisdicción sobre la materia; **(2)** falda de jurisdicción sobre la persona; **(3)** insuficiencia del emplazamiento; **(4)** insuficiencia del diligenciamiento del emplazamiento; **(5)** dejar de exponer una reclamación que justifique la concesión de un remedio; **(6)** dejar de acumular una parte indispensable.[21]

Una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, supra, es aquella que presenta el demandado antes de contestar la demanda solicitando que se desestime la misma presentada en su contra.

Nuestra más Alta Curia ha expresado que para propósitos de considerar una moción de desestimación radicada por un demandado se tienen que dar por ciertos todos aquellos hechos que hayan sido bien alegados en la demanda.[22]

---

[19] Se refiere a la Regla 10.2 de las de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 10.2.

[20] 32 LPRA Ap. V., R. 10.2.

[21] *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1067 (2020); *Trans-Oceanic Life Ins. V. Oracle Corp.,* 184 DPR 689, 701 (2012).

[22] *El Día v. Municipio de Guaynabo,* 187 D.P.R. 811 (2013); *García v. E.L.A.,* 163 D.P.R. 800 (2005); *Romero Arroyo v. E.L.A.,* 127 D.P.R. 724 (1991).

Ahora bien, aunque una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, corresponde entender como ciertos los hechos bien alegados en la demanda e interpretarlos de forma favorable para el demandante, lo cierto es que cuando se demuestra que éste no tiene derecho a remedio alguno, procede conceder la desestimación solicitada.[23]

A la luz de ello, una demanda no debe de desestimarse por no alegar adecuadamente una causa de acción si la misma puede ser enmendada para así evitar la desestimación.[24]

En ese sentido, el Tribunal Supremo de Puerto Rico ha reiterado que no procede una desestimación bajo la defensa número cinco (5) de la Regla 10.2 de Procedimiento Civil, *supra*, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación.[25]

**-B-**

Por su parte, la Ley Núm. 45 de 1935, *Ley del Sistema de Compensaciones por Accidentes del Trabajo*, provee unos remedios superiores a los empleados que son despedidos sin justa causa que los que provee la Ley Núm. 80 de 1976.[26]

De hecho, además de concederle al empleado una protección meramente económica, salvaguarda, esencialmente, su tenencia de empleo.[27] De esta manera, desincentiva que los patronos despidan a los empleados que disfrutan de los beneficios que les provee la ley.[28]

De forma específica, el artículo 5-A de la Ley Núm. 45 de 1935 dispone dos tipos de protección para el empleado inhabilitado por

---

[23] *Perfect Cleaning Service, Inc. v. Centro Cardiovascular*, 172 D.P.R. 139 (2007).
[24] *Clemente v. Departamento de la Vivienda*, 114 D.P.R. 763 (1983).
[25] *El Día v. Municipio de Guaynabo*, supra; *Consejo de Titulares v. Gómez Estremera et als.*, 184 D.P.R. 407 (2012); *Rivera v. Jaume*, 157 D.P.R. 562 (2002).
[26] *Vélez Rodríguez v. Pueblo Int'l, Inc.*, 135 D.P.R. 500, 515 (1994).
[27] *Id.*
[28] *Id.*

un accidente o enfermedad ocupacional: **(1)** obliga al patrono a reservarle el empleo por doce (12) meses, desde el momento en que ocurre el accidente —período durante el cual el patrono no debe despedir al empleado, salvo que exista justa causa— y **(2)** tan pronto como el empleado sea dado de alta por la Corporación del Fondo del Seguro del Estado (CFSE), tiene derecho a que se le reponga en su empleo, y el patrono está obligado a reinstalarlo, siempre que se cumplan los requisitos que establece el propio artículo.[29]

Así pues, el legislador quiso prevenir que el patrono despidiera al empleado acogido a los beneficios de la Ley Núm. 45 de 1935, excepto cuando tenga justa causa para así hacerlo, y lograr así un balance entre los intereses del obrero y los del patrono.[30]

Los requisitos para que el empleado tenga derecho a la reserva de empleo antes dicha son: **(1)** que el accidente o enfermedad ocupacional inhabilite al empleado para trabajar; **(2)** que el empleado se acoja a los beneficios de la Ley Núm. 45 de 1935; **(3)** que dentro de los quince (15) días de haber sido dado de alta y autorizado a trabajar por la CFSE, el empleado solicite al patrono la reposición en su empleo; **(4)** que dicho requerimiento de reposición se haga dentro de los doce (12) meses de haber ocurrido el accidente o enfermedad; **(5)** que al solicitar su reposición el empleado esté física y mentalmente capacitado para desempañarse en las funciones del empleo que ocupaba; y **(6)** que dicho empleo subsista al momento de la solicitud de reinstalación.[31]

Así, si el patrono no cumple con dicha reserva debe compensar al empleado por los salarios que hubiese devengado de

---

[29] *Cuevas v. Ethicon Div. J&J Prof. Co.*, 148 D.P.R. 839, 846-847 (1999).

[30] *Santos et. al. v. Lederle*, 153 D.P.R. 812, 822 (2001); *Cuevas v. Ethicon Div. J&J Prof. Co.*, supra, pág. 852.

[31] 11 LPRA sec. 7; *Cuevas v. Ethicon Div. J&J Prof. Co.*, supra.; *Torres v. Star Kist Caribe, Inc.*, 134 D.P.R. 1024 (1994).

haber sido reinstalado y responder por todos los daños y perjuicios que su incumplimiento produzca.[32]

No obstante, una vez transcurrido dicho término, <u>el patrono está en la libertad de despedir al obrero, aun cuando este todavía no hubiese sido dado de alta</u>.[33] De igual modo, <u>no se puede interpretar que la Ley Núm. 45 de 1935 tiene el efecto de extender la vigencia de un contrato de empleo, cuando este haya finalizado</u>.

**-III-**

De acuerdo con la *Demanda* presentada y que obra en el expediente, el 13 de mayo de 2021, la Sra. Centeno Morales sufrió un accidente en su lugar de empleo que le ocasionó tensión lumbar.[34] A raíz de ello, fue atendida en la CFSE y le ordenaron descansar **hasta el 26 de mayo de 2021**.[35] Posteriormente —y en un evento completamente aislado— recibió un diagnóstico de micoplasma, por lo que, presentó dos (2) certificados médicos cuyas vigencias en conjunto se extendieron **desde el 7 de junio hasta el 15 de julio de 2021**.[36] Es decir, la apelante estuvo en descanso por **treinta y cuatro (34) días adicionales**.

En lo pertinente, la Ley Núm. 45 de 1935 en su inciso (6) establece de forma específica, que para que el empleado tenga derecho a la reserva de empleo debe **subsistir al momento de la solicitud de reinstalación**.[37]

En ese sentido, es preciso señalar que la Sra. Centeno Morales, fue ordenada a descansar por la CFSE **hasta el 26 de mayo de 2021**, por lo tanto, al comenzar el mes de julio ya la misma había sido dada de alta. Su indisponibilidad se debió a una

---

[32] *García v. Darex, P.R., Inc.*, 148 D.P.R. 364, 380 (1999).
[33] *Santos, et al. v. Lederle*, supra.; *Alvira v. SK & S Laboratories Co.*, 142 D.P.R. 803, 813 (1997); Véase, además: *Whittenburg v. Col. Ntra. Sra. Del Carmen*, 182 D.P.R. 937 (2011).
[34] Apéndice VI, *recurso de apelación*, pág. 20.
[35] *Id.*
[36] *Id.* pág. 21.
[37] 11 LPRA sec. 7.

enfermedad infecciosa, que es independiente a su accidente en el lugar de empleo.

No obstante, al examinar las alegaciones de la *Demanda*, notamos que solamente la alegación #20 de la *Demanda*,[38] menciona de manera breve la Ley Núm. 45 de 1945, más no se realiza alegación responsiva ni reclamación alguna.[39]

Como indicamos —y referente a este caso— la Regla 10.2 inciso (5) de Procedimiento Civil, *supra*, establece que una parte puede solicitar la desestimación de una demanda presentada en su contra cuando <u>dejar de exponer una reclamación que justifique la concesión de un remedio</u>.[40]

En ese sentido, del expediente se desprende que la parte apelante tenía conocimiento de que: **(1)** era una empleada de libre nombramiento, y por ende de libre remoción; **(2)** no tenía balance de licencia de clase alguna; y **(3)** su contrato no fue renovado.

Por tanto, al momento en que regresó a su lugar de empleo, no fue despedida sin justa causa, <u>sino que su contrato no fue renovado</u>.

Noten que, el Reglamento Núm. 2, denominado: *<u>Reglamento de Personal para los Empleados adscritos a las Oficinas de los Senadores, las Comisiones y Administrativos del Senado de Puerto Rico</u>*, así como al personal pagado por hora, el Artículo X, Sección 10.19 establece que: ***<u>El [p]residente o su representante autorizado</u>**, podrá remover libremente a los empleados de sus puestos, sin que medie formulación de cargos. No será necesario indicar los fundamentos para tal acción*.[41]

En consecuencia, el Senado de Puerto Rico posee facultad para remover libremente a los empleados de sus puestos, cuando

---

[38] Véase: Apéndice VL, *recurso de apelación*, págs. 19 – 23.
[39] Apéndice VI, *recurso de apelación*, pág. 22.
[40] 32 LPRA Ap. V., R. 10.2 (5).
[41] Apéndice IX, *recurso de apelación*, pág. 43.

estos no poseen un empleo de carrera. Ello es así, debido a que los empleados mediante contrato renovable y de libre remoción son considerados empleados de confianza. El Tribunal Supremo de P.R., ha dictaminado que los empleados de confianza carecen de expectativa de retención por tratarse de empleados de libre selección y remoción.[42]

En fin, en el presente caso la Sra. Centeno Morales era empleada de confianza mediante contrato renovable y, por lo tanto, de libre remoción. En consecuencia, no erró el Presidente del Senado de Puerto Rico, Hon. José Luis Dalmau Santiago al concluir el contrato de empleo de la parte apelante.

**-IV-**

Por los fundamentos antes expuestos, este Tribunal de Apelaciones confirma la Sentencia apelada dictada el 9 de noviembre de 2022 y notificada el 10 de noviembre de 2022 por el TPI.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[42] *Matías v. Mun. de Lares*, 150 DPR 546 (2000).