Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CARLOS M. ORTIZ TORO **Recurrente** Vs. DEPARTAMENTO DE SEGURIDAD PÚBLICA/NEGOCIADO PARA EL MANEJO DE EMERGENCIA Y ADMINISTRACIÓN DE DESASTRES (NMEAD) **Recurrida** | KLRA202500339 | *REVISIÓN ADMINISTRATIVA* procedente de la Comisión Apelativa del Servicio Público Querella Núm. SA-24-000495 SOBRE: Apelación |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de julio de 2025.

El 9 de junio de 2025, el Sr. Carlos M. Ortiz Toro (señor Ortiz o el recurrente) compareció ante nos mediante un recurso de revisión judicial intitulado *Petición* y solicitó la revocación de una *Resolución* que se emitió y notificó el 28 de abril de 2025, por la Comisión Apelativa del Servicio Público (CASP). Mediante el aludido dictamen, la CASP desestimó el caso por falta de jurisdicción sobre la materia, toda vez que carecía de autoridad para atender reclamaciones de empleados de servicio de confianza.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

I.

El 4 de noviembre de 2024, el señor Ortiz presentó una *Solicitud de Apelación por Derecho Propio* ante la CASP.[1] En esencia, alegó que era empleado de carrera en el Departamento de Recursos Naturales y Ambientales y que el 3 de septiembre de 2024, se le

---

[1] Véase, págs.4-13 del apéndice del recurso.

notificó su nombramiento en destaque al puesto de confianza número 04570125, como ayudante especial I, perteneciente al Negociado para el Manejo de Emergencia y Administración de Desastres (NMEAD) del Departamento de Seguridad Pública (DSP). No obstante, arguyó que, el 30 de agosto de 2024, el DSP le remitió una carta en la cual se le informó que el resultado de la investigación para el puesto de ayudante especial I no le era favorable. Particularmente, dicha carta señaló que el resultado de la búsqueda de información de récord criminal (*background check*) apuntó que poseía récord, por lo que el DSP declaró nulo su nombramiento. Resaltó que, existía incongruencia en las fechas, puesto que la carta en la cual se declaró nulo su nombramiento se emitió previo a la notificación del puesto. Aclaró que, no poseía récord criminal, por lo que el fundamento para declarar nulo su nombramiento era falso e injusto. En virtud de lo anterior, solicitó se le concediera el nombramiento de ayudante especial I conforme a la Ley Núm. 20-2017 intitulada *Ley del Departamento de Seguridad Pública de Puerto,* según enmendada, 25 LPRA sec. 3501, *et. seq.*

Luego de solicitar prórroga, el 13 de septiembre de 2024, el NMEAD del DSP presentó su *Contestación a Apelación y Solicitud de Desestimación* en la cual negó la mayoría de las alegaciones.[2] Como parte de sus defensas afirmativas indicó que, conforme al Reglamento Núm. 9480 aprobado el 6 de julio de 2023, también conocido como *Reglamento de Transacciones de Personal Para los Empleados del Sistema Clasificado del DSP*, el puesto solicitado por el recurrente era uno de confianza, por lo que era de libre selección y remoción. Además, manifestó que la CASP no tenía jurisdicción para conceder el remedio solicitado por el señor Ortiz por lo que procedía desestimar la apelación.

---

[2] Íd., págs. 16-19.

Posteriormente, el 23 de diciembre de 2024, el recurrente presentó una *Réplica a Contestación a Apelación y Oposición a Solicitud de Desestimación.*[3] Mediante esta, reiteró sus planteamientos iniciales. A su vez, aclaró que era empleado de carrera del Departamento de Recursos Naturales y Ambientales, en destaque en el NMEAD bajo la rama del DSP. Así las cosas, el 27 de enero de 2025, el recurrente presentó una *Moción Informativa y Solicitud de Remedio.*[4] Explicó que, 16 de enero de 2025, el DSP le entregó su expediente y que este no reflejaba ninguna razón válida para rechazar su nombramiento, toda vez que no existía evidencia de que incurrió en conducta delictiva según su récord criminal. De igual forma, esgrimió que la recomendación para el puesto de ayudante especial I, le era favorable.[5]

Evaluados los escritos de ambas partes, el 28 de abril de 2025, la CASP emitió una *Resolución* que se notificó el mismo día, en la cual desestimó la *Solicitud de Apelación por Derecho Propio* presentada por el señor Ortiz.[6] En síntesis, la CASP determinó que el puesto de ayudante especial I era uno de confianza, por lo que era de libre selección y remoción. Por ello, resolvió que no le aplicaba el principio de mérito que regía a los puestos de carrera en el servicio público. De igual forma, concluyó que el recurrente no estaba cubierto por la Ley Núm. 8-2017, mejor conocida como la *Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico*, según enmendada, 3 LPRA sec. 1469, *et. seq.* (Ley Núm. 8-2017) y, en consecuencia, estaba impedido de solicitar un remedio producto de la acción o decisión de la CASP. En

---

[3] Íd., págs. 20-26.
[4] Íd., págs. 27-38.
[5] El 24 de febrero de 2025, el señor Ortiz presentó su *Segunda Moción Informativa y Segunda Solicitud de Remedio*. Además, el 31 de marzo de 2025, el recurrente presentó una *Tercera Moción Informativa* y *Tercera Solicitud de Remedio*. En ambos escritos, identificó documentos adicionales en su expediente, los cuales contenían una recomendación favorable para el puesto de ayudante especial I. Véase, págs. 39-54 del apéndice del recurso.
[6] Véase, págs.55-64 del apéndice del recurso.

virtud de lo anterior, resolvió que no tenía jurisdicción sobre la materia en las reclamaciones de empleados en el servicio de confianza y, en consecuencia, desestimó la solicitud de apelación presentada por el señor Ortiz.

Inconforme, el 5 de mayo de 2025, el recurrente presentó su *Moción de Reconsideración* en la cual reiteró sus planteamientos iniciales.[7] Añadió que, las imputaciones con relación a su récord criminal era asunto sobre el cual la CASP tenía jurisdicción para investigar y exigir que dicho asunto fuese aclarado, al amparo del Art. 8(j) de la Ley Núm. 2-2010 intitulada *Plan de Reorganización de la Comisión Apelativa del Servicio Público*, según enmendada, 3A LPRA Ap. XIII (Ley Núm. 2-2010 o Plan de Reorganización).

Luego de examinar los argumentos presentados por el señor Ortiz, el 13 de mayo de 2025, la CASP emitió una *Resolución* que se notificó el mismo día, declarando No Ha Lugar la *Moción de Reconsideración* al amparo de la Ley Núm. 38-2017 también conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, según enmendada, 3 LPRA sec. 9601, *et. seq.* y el Art. VII del Reglamento Núm. 7313 aprobado el 7 de marzo de 2007 intitulado *Reglamento Procesal* de la CASP.[8]

Aún inconforme, el 9 de junio de 2025, el señor Ortiz presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró la CASP al determinar que dicho foro administrativo carecía de jurisdicción sobre la materia para entender en los méritos del presente caso y/o para conceder los remedios solicitados por el promovente recurrente en su apelación administrativa ante dicho organismo.**
>
> **Erró la CASP al no considerar la posibilidad de que dicho Foro Administrativo podía, dentro del amplio ámbito de su jurisdicción y de los poderes delegados a dicho organismo por la Asamblea Legislativa, conceder o considerar remedios adicionales,**

---

[7] Íd., págs. 65-83.
[8] Íd., págs. 1-3.

**supletorios o distintos a los solicitados por el promovente recurrente, incluyendo ordenar a la parte promovida recurrida que colocara una nota aclaratoria en el expediente del promovente recurrente aclarando que no era correcto que dicho promovente recurrente hubiera fallado una verificación de sus antecedentes penales ("background check"); o concederle al promovente recurrente una compensación en daños y perjuicios por las molestias y angustias mentales ocasionadas a dicho promovente recurrente, expresadas por éste, con relación a la aseveración errónea, por parte de la parte promovida recurrida, en el sentido de que el promovente recurrente había fallado dicho proceso de verificación de antecedentes penales ("background check").**

Atendido el recurso, el 10 de junio de 2025, emitimos una *Resolución* en la cual le concedimos a la parte recurrida hasta el 30 de junio de 2025, para presentar su postura en cuanto al recurso. Oportunamente, el 30 de junio de 2025, el NMEAD y el DSP representados por la Oficina del Procurador General presentaron su *Escrito en Cumplimiento de Resolución* y negaron que la CASP cometiera los errores que el señor Ortiz le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

**-A-**

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo

anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR,* 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

Por virtud de la Ley Núm. 2-2010 intitulada *Plan de Reorganización de la Comisión Apelativa del Servicio Público,* según enmendada, 3A LPRA Ap. XIII, *et. seq.* (Ley Núm. 2-2010 o Plan de Reorganización) se fusionó la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH) y la Comisión de Relaciones del Trabajo del Servicio Público, para formar la nueva CASP. Mediante este plan se creó un

nuevo foro administrativo cuasi-judicial, "especializado en asuntos obrero-patronales y del principio de mérito, en el que se atenderán casos laborales, de administración de recursos humanos y de querellas, para los empleados públicos cubiertos por la Ley núm. 184 de 3 de agosto de 2004, según enmendada, conocida como la *Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico*. Íd.

Entre las facultades, funciones y deberes de la CASP, el Art. 8 (i)(j) de la Ley Núm. 2-2010, *supra*, indica que dicho organismo puede conceder los remedios que estime apropiados y emitir las órdenes que sean necesarias y convenientes conforme a las leyes aplicables y; conceder indemnizaciones por daños y perjuicios e imponer multas administrativas en todo tipo de discrimen que sea probado por los empleados que acuden ante este foro, sin menoscabo de los derechos de los servidores públicos de recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclamen ante la Comisión. 3A LPRA Ap. XIII, Artículo 8.

En lo pertinente, el Art. 11 del Plan de Reorganización dispone que la CASP tiene **jurisdicción primaria exclusiva** sobre:

a) las reclamaciones surgidas como consecuencia de acciones o decisiones del patrono en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;

b) las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 45 de 1998, según enmendada;

c) c) las reclamaciones surgidas como consecuencia de acciones o decisiones de las organizaciones laborales, sindicales u obreras y de los representantes exclusivos en violación a las disposiciones de la Ley Núm. 333 de 2004, según enmendada. 3A LPRA Ap. XIII, Artículo 11.

En cuanto a la **jurisdicción apelativa de la CASP**, el Art. 12 del Plan de Reorganización establece que, tendrá jurisdicción

exclusiva sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se enumeran a continuación:

a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 1072020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

b) cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos, de conformidad al principio de mérito;

c) cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera, según dispone la Ley Núm. 110 de 26 de junio de 1958, según enmendada, conocida como "Ley de Empleados Irregulares" [Nota: Derogada y sustituida por la Ley 89-2016, según enmendada, "Ley de Empleo Temporal en el Servicio Público"];

d) cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria a las disposiciones generales de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada [Nota: Derogada y sustituida por la Ley 8-2017], en las áreas esenciales al principio de mérito;

e) la Comisión tendrá jurisdicción sobre el personal docente y clasificado del Departamento de Educación y el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45 de 25 de febrero de 1998, según enmendada;

f) la Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 de 3 de agosto de 2004, según enmendada [Nota: Derogada y sustituida por la Ley 8-2017], y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de la Comisión. El procedimiento y

costo para que puedan acogerse a esta jurisdicción se establecerá, mediante reglamento;

g) cualquier asunto proveniente u originado de la administración de los recursos humanos no cubierto en otras leyes o convenios colectivos. 3A LPRA Ap. XIII, Artículo 12.

En virtud de la facultad delegada, la CASP adoptó el Reglamento Núm. 7313 aprobado el 7 de marzo de 2007 también conocido como el *Reglamento Procesal* de la Comisión Apelativa del Sistema de Administración de Recursos Humanos, (Reglamento Procesal). Particularmente, el Art. I, sección 1.1 del Reglamento explica que la CASP tendrá jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos, y por las siguientes circunstancias:

a. Cuando un empleado dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley de Relaciones del Trabajo del Servicio Público, Ley Núm. 45 de 25 de febrero de 1998, según enmendada, alegue que una acción o decisión que le afecta viola cualquier derecho que se le conceda en virtud de las disposiciones de Ley Núm. 184, supra, de la Ley de Municipios Autónomos, los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la Ley Núm. 184.

b. Cuando un empleado cubierto por la Ley Núm. 45, que no ejerza su derecho a organizarse sindicalmente, alegue que una acción o decisión de la Autoridad Nominadora relacionada con la aplicación de esta ley, viola cualquier derecho que se le conceda al amparo de las áreas esenciales al principio de mérito establecidos en la misma.

c. Cuando un ciudadano alegue que una acción o decisión le afecta su derecho a competir o ingresar en el Sistema de Administración de los Recursos Humanos de conformidad al Principio de Mérito.

d. Cuando un empleado irregular alegue que la autoridad nominadora se ha negado injustificadamente a realizar su conversión a empleado regular de carrera según dispone la Ley de Empleados Irregulares, Ley Núm. 110 de 26 de junio de 1958, según enmendada.

e. Cuando un Administrador Individual alegue que una acción, omisión o decisión de la Oficina es contraria

a las disposiciones generales de la Ley Núm. 184 en las áreas esenciales al Principio de Mérito.

f. Se dispone expresamente que la Comisión tendrá jurisdicción tanto sobre el personal docente y clasificado del Departamento de Educación, como sobre el personal civil de la Policía de Puerto Rico, que no estén sindicados bajo la Ley Núm. 45.

g. La Comisión podrá tener jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de la Ley Núm. 184 y las corporaciones públicas que operen como negocio privado que se sometan voluntariamente al proceso apelativo y adjudicativo de este organismo. El procedimiento y costo para que éstos puedan acogerse a esta jurisdicción se establecerá mediante reglamento aparte.

h. Cuando alguna ley, acuerdo, o convenio, así lo autorice.

En fin, la CASP se creó como **el ente adjudicativo con jurisdicción apelativa exclusiva para atender y adjudicar las apelaciones de los empleados públicos del Gobierno de Puerto Rico surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en cuanto a las acciones de personal relacionadas con el principio de mérito.** (Énfasis suplido). *Colón Rivera v. ELA,* 189 DPR 1033, 1053.

## -C-

Ahora bien, la Asamblea Legislativa aprobó la Ley Núm. 8-2017 mejor conocida como *Ley para la Administración y Transformación de los Recursos Humanos en el Gobierno de Puerto Rico,* según enmendada, 3 LPRA sec. 1469, *et. seq.* (Ley Núm. 8-2017) con el propósito de declarar un estado crítico económico y fiscal que requirió unos cambios en la administración de los recursos humanos en las agencias cubiertas por el estatuto. Así pues, se declara como política pública del Gobierno de Puerto Rico lo siguiente: (1) la centralización de la administración de los recursos humanos de todas las agencias e instrumentalidades del Gobierno Central; (2) que los empleados públicos sean empleados del

Gobierno Central y no de las agencias; (3) la unificación de los planes de clasificación y retribución de la administración central; (4) el establecimiento de un sistema de evaluación de personal uniforme para los empleados públicos; y (5) la creación de un registro electrónico sobre los resultados de las evaluaciones y su cumplimiento, entre otras cosas.  3 LPRA sec. 1469a. Como parte de la exposición de motivos dicha Ley se compromete a garantizar la continuidad de los empleos de cada servidor público en el servicio de carrera.

En lo pertinente a la controversia ante nuestra consideración, el Art. 8 de la Ley Núm. 8-2017, *supra*, reconoce dos (2) categorías de empleados. Estas son:

> Empleados de Carrera — son aquéllos que han ingresado al servicio público en cumplimiento cabal de lo establecido por el ordenamiento jurídico vigente y aplicable a los procesos de reclutamiento y selección del servicio de carrera al momento de su nombramiento. Tales empleados tienen derecho a permanecer en el servicio conforme se dispone en la Sección 6.6 de esta Ley. Esta categoría incluye empleados confidenciales. Los empleados confidenciales son aquellos que aunque ocupan puestos en el servicio de carrera, realizan funciones que por su propia naturaleza inciden o participan significativamente en la formulación o implantación de política pública o que realizan funciones directa o indirectamente concernientes a las relaciones obrero patronales que conlleven, real o potencialmente, conflicto de interés y que están excluidos de todas las unidades apropiadas, según dispuesto en la Sección 4.2, inciso b-1, de la "Ley de Relaciones del Trabajo para el Servicio Público".

> Empleados de Confianza — son aquellos que están comprendidos en el Plan de Clasificación y conforme a sus funciones participan sustancialmente en la formulación de la política pública, los que asesoran directamente o los que prestan servicios directos al jefe de la agencia, tales como:

> […]

> b. los jefes de agencias, sus secretarias personales, conductores de vehículos, así **como ayudantes ejecutivos y administrativos que les respondan directamente**; (énfasis suplido)

> […]

**Los empleados de confianza son de libre selección y remoción.** (Énfasis suplido). Serán igualmente de confianza aquellos que, aunque siendo de libre selección, sólo pueden ser removidos por justa causa por disposición de ley o aquellos cuyo nombramiento sea por un término prefijado por ley. 3 LPRA sec. 1474.

A su vez, el Art. 3 de la Ley Núm. 8-2017 define el principio de mérito como,

que todos los empleados públicos serán reclutados, seleccionados, adiestrados, ascendidos, trasladados, descendidos y retenidos en consideración a su capacidad y desempeño de las funciones inherentes al puesto y sin discrimen por razón de raza, color, nacimiento, sexo, edad, orientación sexual, identidad de género, origen, condición social, ni por sus ideales políticos, religiosos, condición de veterano, por ser víctima o ser percibida como víctima de violencia doméstica, agresión sexual, acecho, impedimento físico o mental. 3 LPRA sec. 1469b.

Cónsono con lo anterior, la sección 6.1 del Art. 6 de la Ley menciona las áreas esenciales al principio de mérito e indica que serán aplicables al Sistema de Administración y Transformación de los Recursos Humanos del Servicio Público que se establece en virtud de esta Ley, **con excepción del servicio de confianza**. (Énfasis suplido). 3 LPRA sec. 1472a. En apoyo a lo anterior, el Tribunal Supremo de Puerto Rico ha establecido que, los empleados de confianza no están cobijados por el principio del mérito, por lo que [...] pueden ser removidos en cualquier momento, salvo que su nombramiento sea por un término fijado por ley. *Camacho Torres v. AAFET*, 168 DPR 81 (2006). Ello se debe a que, en esencia, los empleados de confianza, contrario a los empleados de carrera, no tienen un interés propietario en el desempeño de su cargo. *Matías v. Mun. de Lares*, 150 DPR 546, 551-552 (2000).

III.

En el presente caso, el señor Ortiz nos solicita la revocación de la *Resolución* que emitió la CASP el 28 de abril de 2025. Mediante el primer señalamiento de error, indicó que la CASP incidió al determinar que carecía de jurisdicción sobre la materia para entrar

en los méritos del caso y/o conceder los remedios solicitados en su apelación administrativa. En cuanto a su segundo señalamiento de error, planteó que la CASP erró al no conceder o considerar remedios adicionales, supletorios o distintos a los solicitados, incluyendo ordenar al NMEAD y el DSP a que colocara una nota aclaratoria en su expediente, puesto que no era correcto que falló una verificación de sus antecedentes penales; o concederle una compensación en daños y perjuicios por las molestias y angustias mentales ocasionadas, con relación a la aseveración errónea de que falló dicho proceso de verificación. Ello dentro del amplio ámbito de su jurisdicción y de los poderes delegados por la Asamblea Legislativa.

Específicamente, señaló que el puesto de confianza de ayudante especial I, aunque de libre nombramiento y remoción, no le privaba de reclamar que fue denegado de manera ilegal e inapropiada y no se sostenía en el expediente. Enfatizó que, la actuación de la CASP avalaba todo tipo de acciones arbitrarias, caprichosas y no apoyadas en el récord administrativo y, constituía una evasiva a atender sus obligaciones y responsabilidades. Finalmente, argumentó que la CASP debió permitir la continuación de los procedimientos.

Por su parte, la parte recurrida arguyó que, conforme a la Ley Núm. 8-2017, *supra*, la CASP carecía de jurisdicción para atender la controversia, toda vez que el servicio de confianza estaba excluido del principio de mérito. Además, sostuvo que los puestos de confianza eran de libre selección y remoción. De igual forma, manifestó que, si bien era cierto que el DSP cometió un error al incluir la advertencia de apelación ante la CASP, ello no creaba un derecho y, tampoco tenía el efecto de concederle jurisdicción sobre la materia a un organismo cuasi-judicial. Aclaró que, acoger el recurso del señor Ortiz, no tan solo permitía que la CASP ejerciera jurisdicción con relación a un asunto no cobijado bajo el principio

de mérito, sino que ejerciera su jurisdicción sobre asuntos discrecionales que le eran reservados a la autoridad nominadora e interfería con la libertad de seleccionar y remover empleados de confianza. Por ello, razonó que procedía confirmar el dictamen recurrido.

En el caso de autos, el recurrente impugna la determinación del DSP para el NMEAD por declarar nulo su nombramiento como ayudante especial I. Posteriormente, aclaró que tenía un puesto de carrera en el Departamento de Recursos Naturales y Ambientales. Por su parte, el NMEAD en su contestación a la apelación esbozó que el recurrente no era empleado de carrera del DSP ni del NMEAD. A su vez, como parte de los documentos que presentó en la contestación a la apelación incluyó copia de la *Notificación de Nombramiento y Juramento del DSP* en la cual surgía que el nombramiento del señor Ortiz como ayudante especial I era un nombramiento en el servicio de confianza.

Según el derecho previamente expuesto, el Art. 8 de la Ley Núm. 8-2017, *supra*, dispone que los empleados de confianza son de libra selección y remoción. Asimismo, el Art. 6 dicha Ley menciona las áreas esenciales al principio de mérito (clasificación de puestos, reclutamiento y selección, ascensos, traslados, y descensos, adiestramiento y retención) y expresamente indica que serán aplicables al Sistema de Administración y Transformación de los Recursos Humanos del Servicio Público, con excepción del servicio de confianza. Entiéndase que, al amparo de la Ley Núm. 8-2017, *supra*, los puestos del servicio de confianza están expresamente excluidos del ámbito de aplicación del principio de mérito. Cónsono con lo anterior, nuestro Tribunal Supremo ha expresado que los empleados de confianza no están cobijados por el principio del mérito, por lo que [...] pueden ser removidos en

cualquier momento, salvo que su nombramiento sea por un término fijado por ley. *Camacho Torres v. AAFET*, supra.

Así pues, siendo el puesto de ayudante especial I uno de confianza, no le aplicaba la Ley Núm. 8-2017, puesto que era uno de libre selección y remoción. Asimismo, resolvemos que en la medida en que los reclamos del recurrente no versan sobre los principios de mérito, la CASP carece de jurisdicción para atender la apelación presentada por este. Por tanto, el señor Ortiz está impedido de solicitar un remedio ante la CASP al amparo de la Ley Núm. 8-2017, *supra*, toda vez que su puesto era uno de confianza. Finalmente, es meritorio aclarar que, conforme al Ley Núm. 2-2010, *supra*, aunque la CASP tiene facultad para conceder los remedios que estime apropiados, ello debe ejercerse sobre aquellos asuntos que la CASP tenga jurisdicción.

Por tanto, es forzoso concluir que los errores señalados por el señor Ortiz en su recurso no se cometieron.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones